Juan Manuel Carbajal
P.O. Box 900250
Palmdale. CA 93590

*FILED*
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 1 4 2004

Defendant, Pro-Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

---

**UNITED STATES OF AMERICA,**

　　　　Plaintiff,

v.

**JUAN MANUEL CARBAJAL-MORENO,**

　　　　Defendant.

**CASE No. CR-99-777-JC** JP

---

## MOTION FOR A NEW TRIAL Pursuant to Fed.R.Crim.P. Rule 33

The Defendant. Juan Carbajal, acting pro-se[1], hereby moves this Honorable Court for a new

trial based upon newly discovered evidence and in the interest of justice pursuant to Rule 33 of the

Federal Rules of Criminal Procedure[2].

---

[1]  The Tenth Circuit has constantly held that pleadings of pro se litigants shall be held to a
less stringent standard than formal pleadings drafted by lawyers, see Riddle v. Mondragon, 83
F.3d 1197, 1202 (10th Cir. 1996). Carbajal along with this motion filed a motion for appointment
of counsel because he believes he has raised a valid issue that is quite complicated and merits to
be briefed and argued by an attorney of law as opposed to a pro-se litigant with limited resources.

[2]  Carbajal is presently scheduled to be resentenced by this Court upon a remand from the
U.S. Court of Appeals for the Tenth Circuit. In the interest of judicial economy, this motion was
prepared in a few days so Carbajal could file it before his resentencing and allow the Court the
choice to address the recent discoveries while Carbajal is on remand and being housed locally.
Carbajal also believes that his recent discoveries mandate that he promptly inform the Court and
government of his findings, as it appears that a fraud has been committed before this Court.



The newly discovered evidence consists of deliberate misrepresentations of fact made to this Court, the U.S. Government, Attorney Carmen E. Garza and Carbajal by one John G. Hedderman. In Summary form, to be elaborated upon hereafter, the motion is based upon the following facts:

In or about the early days of January 2001 Carbajal retained the services of Hedderman to represent him in the case at bar. Carbajal believed Hedderman was an attorney of law in good standing. However, a couple of months prior to being retained, unbeknown to Carbajal, Hedderman had resigned from the California State Bar and relinquished his rights to practice law because of pending charges.

In the latter days of January and early days of February, Hedderman obtained local counsel, Carmen E. Garza, illicitly applied for and was granted pro hac vice status. After his fraudulent application was granted, Hedderman acted as Carbajal's attorney at Carbajal's trial and sentencing. Besides filing the entry of appearance and personally appearing at Carbajal's arraignment, Ms. Garza did not participate in any other court proceeding nor in any preparations for trial or sentencing.

Hedderman's misrepresentation that he was an attorney of law in good standing and participation in court proceedings after resigning from the practice of law was an outright fraud upon this Court and violated Carbajal's Sixth Amendment guarantee that in all criminal prosecutions, the accused shall have the assistance of "counsel" for his defense. The courts have ruled that "counsel" is one who is licenced to practice law. Therefore, the interest of justice requires that a new trial be held with an attorney of law representing Carbajal who does not have a conflict of interest. Carbajal was interested in his Constitutional rights to a fair trial while Hedderman was interested in not being discovered that he was not an attorney of law.

This motion shall rely upon the following facts, attached exhibits and arguments of law.

Page 2

## I.   THE COURT RECORD RELEVANT TO THE ISSUE AT BAR.

On January 23, 2001, Attorney Carmen E. Garza filed an Entry of Appearance of Counsel and Local Counsel on her and John G. Hedderman's behalf.

On January 24, 2001, Magistrate Judge Karen B. Molzen ordered Hedderman to comply with District of New Mexico Local Rule -CV83.3 by January 31, 2001.

On January 28, 2001, in an application for pro hac vice, Hedderman misrepresented to this Court that he was an attorney of law in good standing with the courts in California.

On February 5, 2001, Magistrate Judge Molzen, granted Hedderman's application for pro hac vice status.

On March 8, 2001, Carbajal was formally arraigned with Ms. Garza making her sole appearance as counsel.

On May 8, 9, 10 and 11 of 2001, Carbajal proceeded to trial with Hedderman acting as his attorney of law.  Needless to say, Carbajal was found guilty and a sentencing hearing was set.

On November 21, 2001, this Court sentenced Carbajal to 262 months imprisonment with Hedderman standing at his side.

On November 28, 2001, Hedderman filed a Notice of Appeal.

On February 5, 2004, the Tenth Circuit handed down their opinion ordering that Carbajal be resentenced.  The appeal was not handled by Hedderman.  Court appointed counsel Todd Hotchkiss filed all briefs on appeal.

On March 29, 2004, This Court ordered that a resentencing hearing be held on April 12, 2004.

Page 3

## II.    THE NEWLY DISCOVERED EVIDENCE.

On August 30, 2000, The Supreme Court for the State of California suspended John G. Hedderman from the practice of law for one year.  (Exhibit 1).

On November 29, 2000, Hedderman, whom charges were pending, resigned as a member of the State Bar of California and relinquished all rights to practice law.  (Exhibit 2, page 3).

On January 4, 2001, The Supreme Court for the State of California accepted Hedderman's resignation.  (Exhibit 2, page 1).

On February 3, 2001, the California State Bar Association listed Hedderman's status as officially resigned.  (Exhibit 3).

The documentation used as newly discovered evidence was discovered on or about February 27, 2004, after Carbajal's family and friends tried to locate Mr. Hedderman for the purpose of interviewing him.  Unable to locate Hedderman, the California State Bar Association was contacted and it was then that Carbajal was made aware that Hedderman had resigned as a member of the board and relinquished his rights to practice law.


## III.    THE LAW

### a)  Motion for a new trial.

Rule 33 of the Federal Rules of Criminal Procedure authorizes a district court to grant a new trial if required in the interests of justice, providing in pertinent part:

> On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require. .... A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty. ...

"Where the facts relevant to ineffective assistance are not known to the defendant until after trial, they may be raised on a 'newly discovered evidence' motion under rule 33." United States v. Johnson, 12 F.3d 1540, 1548 (10th Cir. 1993). However, "[i]neffective assistance of counsel may not serve as the basis for a motion for a new trial on the ground of newly discovered evidence under Rule 33 where the facts alleged in support of the motion were within the defendant's knowledge at the time of trial." United States v. Miller, 869 F.2d 1418, 1421 (10th Cir. 1989). The United States Supreme Court has also implicitly recognized that a motion for a new trial on the ground of newly discovered evidence is a proper vehicle for assertion of an ineffectiveness of counsel claim in United States v. Cronic, 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984). The district court's ruling will be reviewed for an abuse of discretion. United States v. Quintanilla, 193 F.3d 1139, 1146 (10th Cir. 1999), cert. denied, 529 U.S. 1029, 120 S.Ct. 1442, 146 L.Ed.2d 330 (2000).

**b) Ineffective assistance of counsel.**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This provision gives the accused the right to the effective assistance of counsel at all critical stages of a criminal proceeding, including the pretrial stages, trial, and sentencing. See Strickland v. Washington, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 2062-63, 80 L.Ed.2d 674 (1984); Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 256- 57, 19 L.Ed.2d 336 (1967); United States v. Wade, 388 U.S. 218, 236-37, 87 S.Ct. 1926, 1937-38, 18 L.Ed.2d 1149 (1967). Assistance of counsel is mandated by the Sixth Amendment because lawyers "are the means through which the other rights of the person on trial are secured," United States v. Cronic, 466 U.S. 648, 653, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657 (1984), and through which the prosecution's case is subjected to "meaningful adversarial testing," id. at 656,

Page 5

104 S.Ct. at 2045. Furthermore, "counsel" refers to a person authorized to practice law. <u>United States v. Brown</u>, 600 F.2d 248, 257 (10th Cir.), cert. Denied, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979).

When the accused has been deprived of representation by counsel, he is entitled to relief without proving that he was prejudiced by the deprivation, for "the assistance of counsel is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" <u>Holloway v. Arkansas</u>, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978) (quoting <u>Chapman v. California</u>, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). Indeed, the assistance of counsel is so fundamental a requirement that it has been termed "an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty." <u>Johnson v. Zerbst</u>, 304 U.S. 458, 467, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461 (1938).

### c) When counsel is not an attorney licensed to practice law.

Generally, <u>Strickland</u> requires that two components be satisfied when convicted defendants make claims that counsel's assistance was so defective as to require reversal of their conviction : (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. In certain contexts prejudice is presumed. Id.

The circumstances that constitute such per se violations of the Sixth Amendment right to counsel are rare. The courts have generally viewed representation by someone not authorized to practice law as a per se violation of the Sixth Amendment. See <u>United States v. Novak</u>, 903 F.2d 883 (2d Cir.1990); <u>Solina v. United States</u>, 709 F.2d 160, (2d Cir.1983); <u>Harrison v. United States</u>, 387 F.2d 203, 212 (D.C.Cir.1967).

## IV.  DEFENDANT'S ANALYSIS AND POSITION

Carbajal stumbled upon the newly discovered evidence in this motion only after family and friends were trying to locate Hedderman.  The purpose of locating Hedderman was to obtain a complete copy of Carbajal's case file so as to begin preparations of a habeas corpus motion.  Family and friends also wanted to obtain an affidavit from Hedderman because according to Carbajal's appellant attorney, Hedderman had not filed a single motion nor seemed to have properly prepared for trial.  If it were not for Carbajal's family and friends, Carbajal would have never known that Hedderman had resigned from the California State Bar.  It is almost certain that most defendants do not check with the state bar prior to hiring an attorney.  Therefore, due diligence should not be an issue in this case.  If the government would like to take this approach, then it should explain what actions it took upon being served a copy of Hedderman's application for pro hac vice status.

It cannot be disputed that Hedderman was not legally authorized to practice law in the State of California when he fraudulently applied for pro hac vice status with this Court nor when he acted as Carbajal's attorney at trial and sentencing.  And it is assumed that a) this Court granted Hedderman's application on the belief that Hedderman was in good standing with the courts in California and with the State Bar; and b) that the government and Ms. Garza were also not aware of Hedderman's perdicament.

With that being said, it is evident that Carbajal did not enjoy his right to be represented by counsel as guaranteed by the Sixth Amendment.  Counsel for purposes of the Sixth Amendment refers to a person authorized to practice law.  United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977) The fact that Carbajal proceeded to trial and sentencing without a licenced attorney of law to represent him, should be a sufficient reason for granting him a new trial.

There seems to be numerous cases in which defendant's attempted to have the courts apply the per se ineffective assistance rule mentioned in <u>Solina</u>    Such cases involved attorney who had been suspended, disbarred or had a lack of credentials to practice in certain courts. The focal point of inquiry is whether counsel's suspension or disbarment was a result of a substantive or technical matter. See <u>United States v. Stevens</u>, 978 F.2d 565, 568 (10th Cir.1992) (holding that an attorney's representation is not per se ineffective where the attorney is disbarred without notice); <u>United States v. McKinney</u>, 53 F.3d 664, 675 (5th Cir.1995) (defendant's attorney barred from practice in Texas, but had not been suspended by the Fifth Circuit; noting that circuit rules did not require automatic suspension in federal court when the predicate state bar license was revoked, and finding that the attorney "was adequately credentialed at all times relevant to this case to practice law in the Federal District Court for the Northern District of Texas ...," and finding no *per se* ineffectiveness) ;<u>Lopez-Torres v. United States</u>, 700 F.Supp 631 (D.Puerto Rico, 1988)(District court ruled that counsel who was temporarily suspended while representing defendant and then permanently suspended from the bar after withdrawing from the case was not per se ineffective assistance); <u>Vance v. Lehman</u>, 64 F.3d 119 (3d Cir.1995) (holding representation by an attorney whose license to practice was revoked after trial for prior unrelated conduct did not deny defendant effective assistance of counsel); <u>United States v. Mouzin</u>, 785 F.2d 682, 696-697 (9th Cir.1986) (holding that an attorney's disbarment or suspension for conduct unrelated to representation of defendant, without more, does not constitute ineffective assistance of counsel); <u>Waterhouse v. Rodriguez</u>, 848 F.2d 375, 383 (2d Cir.1988) (holding that defendant was not denied the right to effective assistance of counsel where attorney was disbarred during a suppression hearing and withdrew immediately upon learning of disbarment).

However, more akin to the circumstances in the case at bar are cases where the courts

applied a per se ineffective rule to improperly credentialed lawyers. The first case involves an individual who was an ex-convict that posed as a lawyer and had never gone to law school. There the District of Colombia per se test . See <u>Harrison v. United States</u>, 387 F.2d 203, 212-14 (D.C.Cir.1967). Similarly, the Second Circuit applied a per se rule where the attorney had gone to law school but had failed to pass any bar examination, after several attempts. See <u>Solina</u>, 709 F.2d 169. In <u>United States v. Novak</u>, 903 F.2d 883, the Second Circuit found a per se violation of defendant's Sixth Amendment right to counsel where counsel had secured admission to the bar by fraudulently misrepresenting to the state that he was eligible for a special dispensation from taking the bar exam. The court explained that this fraud resulted in a substantive defect in licensure because "there has been no foundation for an assumption that defense counsel had the legal skills necessary to permit him to become a 'duly admitted' member of the bar." <u>Novak</u>, 903 F.2d at 890.

The Courts have two concerns, one that a defendant have a counselor who has legal training and has demonstrated the specialized knowledge and ability of a lawyer. See, e.g., <u>United States v. Mouzin</u>, 785 F.2d 682, 697 (9th Cir.1986) and that an undisclosed lack of credentials may create a conflict of interest. The inadequate credentials provide an incentive for lackluster representation because the attorney will be concerned about drawing attention to himself and encouraging an inquiry into his background. See, e.g., <u>Solina</u>, 709 F.2d at 164 (citing <u>Holloway v. Arkansas</u>, 435 U.S. 475, 489-90, 98 S.Ct. 1173, 1181-82, 55 L.Ed.2d 426 (1978)). At least one of these concerns must be present before a per se rule is appropriate. <u>United States v. Aiello</u>, 900 F.2d 528, 532 (2d Cir.1990).

Being that Hedderman was not a licensed attorney in any state, and only obtained admission to this Court via his fraudulent application these fact are akin with circumstances described in <u>Solina</u>.

Harison and Novack.   Hedderman had no right or license to be in a federal court acting as an attorney when he represented Carbajal at trial. However, it does seem that Hedderman's actions entitle him to another opportunity to be before this Court, but not as an attorney but as a defendant facing charges for practicing law with out a license.

Carbajal was entitled counsel, who was a licenced attorney, to assist him at trial and who did not have a conflict of interest. Hedderman was not "counsel" within the meaning of the law and was not free of conflict of interest.

Lastly, the government may argue that Carbajal was subsequently represented by local counsel, Carmen Garza, who is an outstanding attorney and a member of the local bar in good standing. Such a position was taken in United States v. Rosnow, 981 F.2d 970 (8th Cir.1992), cert. denied, 507 U.S. 990, 113 S.Ct. 1596, 123 L.Ed.2d 159 (1993) there the Eight Circuit held that there was no per se violation of appellant's Sixth Amendment right to counsel because appellant had been represented by both an attorney in good standing an a person not properly licensed to practice law. Id. at 971.   However, such a position in the case at bar must fail as the record is clear that Ms. Garza was only present at Carbajal's arraignment and solely filed the motion for appearance for herself and Hedderman.   Ms Garza did not attend Carbajal's trial or sentencing hearing. Furthermore, Carbajal is confident that if this Court elicits Ms. Garza's testimony it would only further reveal that she did not advice or counsel Carbajal in regards to his trial or sentencing Therefore, leaving Hedderman the sole responsibility of being Carbajal's undisputed counsel throughout trial and sentencing.

WHEREFORE, Carbajal prays this Honorable Court, based on the newly discovered evidence, order a new trial in which Carbajal may enjoy his right to be represented by an attorney of law. In the alternative, Carbajal requests that the Court appoint counsel to properly address the issues raised in this pro-se motion and order that an evidentiary hearing be held.

Respectfully Submitted,

Juan Carbajal

Juan Manuel Carbajal-Moreno
Defendant, acting pro-se

## Certificate of Service

I, Frank Ordonez, herby certify that on this 12th day of April 2004, I mailed a true and correct copy of the foregoing Motion for a New Trial to:

The Honorable Martha Vasquez
Chief Judge for the District of New Mexico
U.S. District Court
P.O. Box 2710
Santa Fe, NM 87504

The Honorable John Edward Conway
Senior U.S. District Judge
U.S. District Court
333 Lomas Boulevard, Ste: 740
Albuquerque, NM 87102

The Honorable C. LeRoy Hansen
Senior U.S. District Judge
U.S. District Court
333 Lomas Boulevard, Ste: 660
Albuquerque, NM 87102

U.S. Attorneys Office
U.S. Courthouse
200 E. Griggs
Las Cruces, NM 88001

Todd Hotchkiss , Esq.
P.O. Box 26807
Albuquerque, NM 87125

Carmen E. Garza, Esq.
637 N. Alameda Boulevard
Las Cruces, NM 88005

Frank Ordonez

# EXHIBIT

# 1

(State Bar Court Case No(s). 95-O-15019; 97-O-10309; 97-O-12290; 97-O-14352 (Cons.))

## S 089844

### IN THE SUPREME COURT OF CALIFORNIA

### EN BANC

~~SUPREME COURT~~
# FILED

AUG 3 0 2000

Frederick K. Ohlrich Clerk

DEPUTY

IN RE **JOHN GERARD HEDDERMAN** ON DISCIPLINE

It is ordered that **JOHN GERARD HEDDERMAN, State Bar No. 134109,** be suspended from the practice of law for one year and until he makes restitution to Roberto Viramontes (or the Client Security Fund, if appropriate) in the amount of $1,000.00 plus 10% interest per annum from January 1, 1995; to Orange County Superior Court in the amount of $750.00; to Patricia Monroy (or the Client Security Fund, if appropriate) in the amount of $1,500.00 plus 10% interest per annum from December 1, 1996, payable as specified in the Stipulation Re Facts, Conclusions of Law and Disposition filed April 19, 2000, and furnishes satisfactory proof thereof as specified in the stipulation to the Probation Unit, State Bar Office of the Chief Trial Counsel; that execution of suspension be stayed, and that he be placed on probation for three years on condition that be actually suspended for 30 days. Respondent is also ordered to comply with the other conditions of probation, including restitution, recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed April 19, 2000, as modified by its orders filed May 5, 2000 and May 17, 2000. It is further ordered that he take and pass the Multistate Professional Responsibility Examination within one year after the effective date of this order. (See Segretti v. State Bar (1976) 15 Cal.3d 878, 891, fn. 8.) Costs are awarded to the State Bar and one-half of said costs shall be added to and become part of the membership fees for the years 2001 and 2002. (Bus. & Prof. Code section 6086.10.)

I, Frederick K. Ohlrich, Clerk of the Supreme Court of the State of California, do hereby certify that the preceding is a true copy of an order of this Court, as shown by the records of my office.

Witness my hand and the seal of the Court this

AUG 3 0 2000

_____ day of _____ 20_____

By: _____
(Deputy)

Clerk

_____
Chief Justice



The document to which this certificate is affixed is
a full, true and correct copy of the original on file
and of record in the State Bar Court.

ATTEST        **February 27, 2004**

State Bar Court, State Bar of California,
Los Angeles

By _____

Clerk

# EXHIBIT

# 2

(State Bar Court Case No. 00-Q-14930)

**SUPREME COURT**
# FILED

S093836

JAN - 4 2001

**IN THE SUPREME COURT OF CALIFORNIA**

**Frederick K. Ohlrich Clerk**

**EN BANC**

DEPUTY

---

IN THE MATTER OF THE RESIGNATION OF **JOHN GERARD HEDDERMAN**

A MEMBER OF THE STATE BAR OF CALIFORNIA

---

The voluntary resignation of **JOHN GERARD HEDDERMAN, State Bar No. 134109**, as a member of the State Bar of California is accepted without prejudice to further proceedings in any disciplinary proceeding pending against respondent should he hereafter seek reinstatement. It is ordered that he comply with rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 60 and 70 days, respectively, after the date this order is filed.* Costs are awarded to the State Bar.

*(See Bus. and Prof. Code, § 6126, subd. (c).)

I, Frederick K. Ohlrich, Clerk of the Supreme Court of the State of California, do hereby certify that the preceding is a true copy of an order of this Court as shown by the records of my office.

Witness my hand and the seal of the Court this

_____ day of _____ JAN - 4 2001 _____ 20___

Clerk

By: _____
Deputy

Chief Justice

**RESOLUTION OF THE BOARD OF GOVERNORS**
**OF THE**
**STATE BAR OF CALIFORNIA**
**ADOPTED APRIL 5, 1986**
**RE RESIGNATIONS OF MEMBERS OF THE STATE BAR**
**WITH DISCIPLINARY CHARGES PENDING**

**RESOLVED** that the Board hereby recommends that the Supreme Court amend rule 960, California Rules of Court in the form attached and the Board further adopts the the policy statement attached, said policy to apply to all resignations not previously transmitted to the Supreme Court.

\*   \*   \*

**RESOLVED** that the State Bar Court Clerk's Office hereby is authorized and directed to transmit to the Clerk of the Supreme Court, together with an indication that the Board recommends that they be accepted, all resignations with charges pending filed in form acceptable under rule 960, California Rules of Court to which the Office of the Chief Trial Counsel has not filed written notice with the State Bar Court Clerk's Office within 40 days after filing of the resignation that perpetuation of testimony is needed; provided that in the absence of proof that the member has performed the acts specified in California Rules of Court, rule 955(a) and (b), the State Bar Court Clerk's Office shall further indicate that the Board recommends that the Supreme Court include in its order accepting the resignation an order that the resigned attorney comply with the provisions of rule 955, and it is

**FURTHER RESOLVED** that the State Bar Court Clerk's Office is authorized and directed to transmit to the Clerk of the Supreme Court all resignations with charges pending to which the Office of the Chief Trial Counsel has filed written notice with the State Bar Court Clerk's Office within 40 days after filing of the resignation that perpetuation of testimony is needed, together with an indication that the Board recommends that they be accepted and that the Supreme Court include in its order accepting the resignation an order that the resigned attorney cooperate in the perpetuation of testimony and reserving jurisdiction over the resigned attorney until perpetuation is complete.

## RESIGNATION WITH CHARGES PENDING

NOV 3 0 2000

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

I,   JOHN GERARD HEDDERMAN   , Membership # 108498 ,

against whom charges are pending, hereby resign as a member of the State Bar of California and relinquish all right to practice law in the State of California and agree that, in the event this resignation is accepted and I later file a petition for reinstatement, the State Bar will consider in connection therewith all disciplinary matters and proceedings against me at the time this resignation is accepted, in addition to other appropriate matters.

I further agree that upon the filing of this resignation by the Office of the Clerk, State Bar Court, I will be transferred to inactive membership of the State Bar.   Upon such transfer, I acknowledge that I will be ineligible to practice law or to advertise or hold myself out as practicing or as entitled to practice law.

I further agree that within **thirty (30) days** of the filing of this resignation by the Office of the Clerk, State Bar Court, I shall perform the acts specified in Rule 955(a) and (b), California Rules of Court; and within **forty (40) days** of the date of filing of this resignation by the Office of the Clerk, State Bar Court, I shall notify that Office as specified in Rule 955(c), California Rules of Court.

Dated: _11-29-00_                    _John Hedderman_

# CERTIFICATE OF SERVICE
## [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Deputy Court Clerk of the State Bar Court. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice in the City and County of Los Angeles, I deposited a true copy of the following document(s):

**RESOLUTION OF THE BOARD OF GOVERNORS ADOPTED APRIL 5, 1986**

in a sealed envelope for collection and mailing on that date as follows:

[X]   by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

**JOHN GERARD HEDDERMAN
8311 WESTMINSTER BLVD #330
WESTMINSTER CA 92683**

·[X]   by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

**RICHARD A PLATEL, Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on **December 20, 2000.**

**Sonia Sotomayor**
Deputy Court Clerk
State Bar Court

Certificate of Service.wpt



The document to which this certificate is affixed is
a full, true and correct copy of the original on file
and of record in the State Bar Court.

ATTEST      **February 27, 2004**
_____
State Bar Court, State Bar of California,
Los Angeles

By _____
Clerk

# EXHIBIT

# 3

# John G. Hedderman

## Membership Info

| | |
|---|---|
| **CA Bar Number** | 134109 |
| **Current Status** | Resigned — explanation of "Resigned" status |
| **CA Admission Date** | June 14, 1988 |
| **District** | District 8 |
| **County** | Orange |

## Contact Info

| | |
|---|---|
| **Address** | 8311 Westminster Blvd #330<br>Westminster, CA 92683 |
| **Phone Number** | (714)901-2278 |
| **Fax Number** | Not Available |
| **e-mail** | Not Available |

## Education Info

| | |
|---|---|
| **Undergraduate School** | Illinois State Univ; Normal IL |
| **Law School** | Western State Univ; CA |

## Remarks

Copies of official attorney discipline records are available upon request.

Explanation of common discipline actions

| Effective Date | End Date | Action | Case Numb |
|---|---|---|---|
| 2/3/2001 | | **Status changed to: Resigned** | . . . |
| 2/3/2001 | | Resignation with charges pending | 00-Q-14930 |
| 11/30/2000 | | **Status changed to: Not Entitled** | |
| 11/30/2000 | 2/3/2001 | Vol.inactive(tender of resign.w/charges) | 00-Q-14930 |
| 10/29/2000 | | **Status changed to: Active** | |
| 9/29/2000 | | **Status changed to: Not Entitled** | |
| 9/29/2000 | 10/29/2000 | Discipline w/actual suspension | 95-O-15019 |
| 3/4/1994 | | **Status changed to: Active** | |
| 8/16/1993 | | **Status changed to: Not Entitled** | |
| 8/16/1993 | 3/4/1994 | Suspended, failed to pay Bar membr. fees | |
| 6/14/1988 | | Admitted to the Bar | |