IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 JUN 29 PM 3: 51

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

    Plaintiff,

v.        Criminal No. 99-777 JC

JUAN CARBAJAL-MORENO,

    Defendant.

### REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL

The Defendant, JUAN MANUEL CARBAJAL-MORENO, by and through his attorney, Todd Hotchkiss of Frechette & Associates, P.C., hereby submits this Reply to the United States' Response to Defendant's Motion for New Trial (hereinafter "Response").

### FACTS NOT IN DISPUTE

MR. CARBAJAL-MORENO's Motion for New Trial (hereinafter "Motion") and the United States' Response indicate the following facts are not in dispute:

1. On November 29, 2000, John Hedderman filed with the State of California State Bar Court Clerk's Office a Resignation with Charges Pending in which he resigned as a member of the State Bar of California. (Response at 4)

2. On January 4, 2001, the Supreme Court of California accepted Mr. Hedderman's resignation from the State Bar of California. (Response at 4)

3. On January 23, John Hedderman entered his appearance as "Counsel for Defendant" and

1



Ms. Carmen Garza entered her appearance as "Local counsel for Defendant". (Response at 2)

4. On January 24, United States Magistrate Judge Karen B. Molzen entered an Order Provisionally Granting Permission to Appear *Pro Hac Vice*, which included the following:

> Mr. Hedderman has failed to fully comply with the rules of this Court which permit a non-resident attorney to participate in an action only if that attorney demonstrates that he is 'a member in good standing of the bar of any other state and associates with a resident member of the Federal Bar' who has signed the first pleading. *See* D.N.M.LR-Civ 83.3 (emphasis added). Although Mr. Hedderman has associated with Ms. Carmen Garza, he has failed to provide this Court with the information required by our Local Rules."

Judge Molzen, however, "provisionally permit[ted] Mr. Hedderman to represent the Defendant contingent on his full compliance with D.N.M.LR-Civ 83.3 no later than January 31, 2001."

5. On February 1, 2001, Mr. Hedderman consequently filed an Application to Appear as Counsel *Pro Hac Vice* for Defendant. (Response at 2) In that Application, Mr. Hedderman stated that he had been admitted to practice law before the Supreme Court of California and the United States District Court for the "State of California", "is in good standing with the courts stated above" and "is not currently suspended or disbarred from any court."

6. As of February 3, 2001, the California State Bar listed Mr. Hedderman as "resigned".

7. On February 5, 2001, this Court granted Mr. Hedderman's Application to proceed *pro hac vice*. (Response at 2)

8. After having appeared with Defendant at his arraignment on March 8, 2001 for his arraignment on the Sixth Superseding Indictment and along with Mr. Hedderman on May 3, 2001 for the call of the calendar, "(p)rior to jury selection and with the consent of the Defendant, the court granted Carmen Garza's request to be excused for trial." (Response at 3)

9. This case proceeded to trial on May 8-11, 2001. (Response at 3) The record clearly

2

shows that Ms. Garza did not participate in representing Defendant at trial.

10. On April 12, 2004, MR. CARBAJAL-MORENO filed his Motion for a New Trial pursuant to Fed. R. Crim. P. 33. (Response at 3)

11. Ms. Garza, then local counsel for MR. CARBAJAL-MORENO, had no knowledge that Mr. Hedderman was no longer licensed to practice law in the State of California or was not in good standing with the Supreme Court of California.

## ARGUMENT

Contrary to the United States' Response at 10 and 12, this Court should hold a hearing on Defendant's Motion due to the undisputed facts and the fundamental and unique importance of Defendant's claim that he was represented by a lawyer who knowingly was not a licensed attorney in good standing at the time of his "representation" of Defendant in this matter.

Contrary to the Response at 1, a *prima facie* case exists for ineffective assistance of counsel, deprivation of a fair trial, and denial of due process and equal protection of the law.

**I. The Information Trial Defense Counsel was No Longer Licensed to Practice Law Or in Good Standing in the California State Bar Before Trial Began And which Trial Defense Counsel Deliberately Deprived from the Parties and This Court is Newly Discovered Evidence Within the Meaning of Fed. R. Crim. P. 33.**

In pertinent part, Fed. R. Crim. P. 33 states, "On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require...."

Counsel or attorney within the Sixth Amendment to the United States' Constitution means a person authorized to practice law[1]. United States v. Brown, 600 F.2d 248, 257 (10th Cir.), *cert.*

---

[1] Pursuant to the prevailing authority of D.N.M.LR-Cr 57.2(a), the provisions of D.N.M.LR-Cv 83.3, both in the court rules effective January 1, 1999 and in the present court rules revised on July 31, 2002, stated, "An attorney residing outside the District may participate

3

*denied*, 444 U.S. 917 (1979); <u>United States v. Irwin</u>, 561 F.2d 198, 200 (10th Cir. 1977). The Sixth Amendment concept of counsel or attorney "does not include a lay person". <u>United States v. Grismore</u>, 546 F.2d 844, 847 (10th Cir. 1976).

Defense counsel Hedderman clandestinely, knowingly and deliberately deceived this Court, the United States, local counsel, and Defendant about then being licensed and in good standing to practice law as Hedderman had resigned from the Bar and the Bar had accepted his resignation. *Contra* <u>United States v. Stevens</u>, 978 F.2d 565, 568 (10th Cir. 1992)("where ... a licensed attorney is disbarred without notice, that attorney's representation is not per se ineffective."). Mr. Hedderman eliminated a vital component of fairness and due process for and to the United States' prosecution of Defendant. *See* <u>Johnson v. Zerbst</u>, 304 U.S. 458, 467-68 (1938)("Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty..... If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or liberty."). Defendant's constitutional rights to an attorney to represent him at trial and a fair trial under the Sixth Amendment and to due process

---

in an action ... if:

* the attorney is a member in good standing of the bar of any other state and associates with a resident member of the Federal Bar. The resident attorney must sign the first pleading, accept service and continue in the action unless another resident member of the Federal Bar is substituted; or
* the attorney applies to practice in accordance with D.N.M.LR-Civ. 83.2.

There is no claim that Mr. Hedderman applied to practice in the United States District Court for the District of New Mexico "in accordance with D.N.M.LR-Cv.83.2."

4

and equal protection of law under the Fifth Amendment were violated.

It is undisputed that Mr. Hedderman deliberately and falsely represented to this Court that he was a licensed member in good standing of the Supreme Court of California State Bar and was not at that time suspended or disbarred[2].

Defendant's Sixth Amendment constitutional right to the assistance of a licensed attorney in good standing protects Defendant's contemporaneous companion Sixth Amendment right to a fair trial, and as a fundamental constitutional structure within the Sixth Amendment itself becomes further protected by Defendant's Fifth Amendment constitutional right to due process of law. See Holloway v. Arkansas, 435 U.S. 475, 489 (1978); Faretta v. California, 422 U.S. 806, 818 (1975)(Because the Sixth Amendment "rights are basic to our adversary system of criminal justice, they are part of the 'due process of law' that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States.").

The fact that Defendant indisputably was "represented" by a person who was not a licensed attorney in good standing at a trial, the guilty verdicts upon which this Court sentenced Defendant to 262 months in prison, deprived Defendant of such a fundamental guarantee of the constitutional structure of fundamental fairness which makes the operation of the system of justice trustworthy, reliable and democratic. United States v. Howell, 936 F.Supp. 767, 773 (D.Kan. 1996)(quoting United States v. Collins, 920 F.2d 619, 626 (10th Cir. 1990), *cert. denied*,

---

[2]Strangely Mr. Hedderman stated in his Application that he was a member in good standing of the United States District Court for the "State of California" Bar since 1987. Given the multiple federal districts in California, *e.g.*, Northern District, the generic content of the title of the Bar is literally incorrect and no such Bar would seem to exist. It would have been arguably more plausible if referring to the United States District Court for the State of New Mexico as there is only one federal district in this State. However, even that too is literally incorrect.

5

500 U.S. 920 (1991)("In revoking Dickstein's admission *pro hac vice* the court has balanced Howell's constitutional right to retain counsel of his choice 'against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice.'") Without the participation of a licensed attorney in good standing, one of the prerequisite components to a fair trial for the Defendant, and of fairness and reason, was not present.

Defendant was defrauded of his assurance of a licensed attorney in good standing, particularly after Mr. Hedderman's false representations were accepted by this Court. Respectfully, this Court, by enforcing its Local Rules, and the United States, with the legal burden of prosecuting Defendant and political burden of a reasonably fair prosecution, each had more responsibility for assuring Defendant had a licensed attorney in good standing.

The United States, with its knowledge of D.N.M.LR-Cv 83.3 and burden of prosecution, never protested Mr. Hedderman's participation in this case. *Contra* United States v. Howell, 936 F.Supp. at 767-68 (government moved for reconsideration of admission *pro hac vice* of attorney which led to the revocation of counsel's admission *pro hac vice*). Now, the United States in its Response at 7 asserts that the responsibility falls on the then otherwise *pro se* Defendant to distrust what a purportedly licensed attorney has told this Court and the United States and what this Court deemed to be satisfactory without objection from the United States. The United States' new position of objecting and blaming Defendant actually sounds in waiver. To counsel's knowledge, Mr. Hedderman never previously appeared in the United States District Court for the District of New Mexico.

The imprimatur on Mr. Hedderman's qualifications by this Court's grant of *pro hac vice*

6

status alleviated any responsibility Defendant had to otherwise doubt and check the licensure and good standing of his "attorney" when apparently neither did this Court and the United States.

Defendant should not have been expected to have done more than this Court or the United States, particularly when this Court, without objection from the United States, did not require what the United States argues Defendant should have done. Defendant's reliance on this Court's acceptance of Hedderman's assertions was reasonable.

Consequently, the analysis in the Response at 5-7 of "availability" of the evidence to defendants in various cases does not apply when this Court accepted Mr. Hedderman's false assertions without enquiring of the California State Bar and the United States failed to object to Mr. Hedderman's false assertions. United States v. Miller, 869 F.2d 1418 (10th Cir. 1989) and United States v. Haddock, 956 F.2d 1534, 1544-45 (10th Cir. 1992) are very distinguishable. Haddock, 956 F.2d at 1545 involved claims "that counsel failed to raise several legal defenses, failed to effectively cross-examine witnesses, and generally failed to perform effectively at trial ... were available to defendant at the time of trial." Miller, 869 F.2d at 1422 involved allegations "showing the adequacy of trial preparation [which] should have been available to defendant at the time of trial." The Tenth Circuit in United States v. Johnson, 12 F.3d 1540, 1548-49 (10th Cir. 1993) reversed the district court's denial of the motion for new trial as untimely due to the availability of the evidence because the defendant "himself obviously could not have known about the leak and his attorney's negligence any sooner". Id. at 1548. The United States' assertion that Miller and Haddock control to determine that the information about Hedderman's resignation from the Bar was available to Defendant within 7 days of trial, and that consequently the motion for new trial was untimely, must be fairly rejected.

7

All of the objective circumstances did not reasonably require any conduct by Defendant when the Court and the United States did not require it of themselves. Consequently, the Johnson "could not have known" factor is more completely analogous to this matter. Defendant's information to this Court about Hedderman's failure to be a licensed attorney in good standing at the time of his trial is newly discovered within Fed. R. Crim. P. 33.

Contrary to the Response at 5-7, "the reasoning" of United States v. Smith, 62 F.3d 641 (4th Cir. 1995) and United States v. Ugalde, 861 F.2d 802 (5th Cir. 1988) that information of an ineffective assistance of counsel claim is not "evidence" within Rule 33 does not prevail in this Court. The Tenth Circuit found in U.S. v. Johnson, 12 F.3d at 1548, that "where the facts relevant to ineffective assistance are *not* known to the defendant until after trial, they may be raised on a 'newly discovered evidence' motion under Rule 33."

Under these circumstances, Defendant was *per se* prejudiced, deprived of the constitutional structure of a fair trial, assistance from a licensed attorney in good standing, due process of law, and equal protection of the law provided to all other criminal defendants who received the basic prerequisite assistance of a licensed attorney in good standing.

This Court cannot consider the performance of a person who was not authorized to practice law before it. Such consideration is contrary to the framework established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 684-86 (1984), including that a licensed attorney in good standing is presumed to have reasonably represented a defendant. The Strickland v. Washington requirement of showing prejudice results from the presumed fundamental reasonableness of the structure of the trial, including that the defense counsel was licensed and in good standing. The lack of a licensed attorney in good standing for Defendant

eliminated the presumed fundamental reasonableness of his "attorney's" representation and consequently of the trial, resulting in *per se* prejudice to Defendant. *See* Strickland v. Washington, 466 U.S. at 692 ("Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice."); United States v. Novak, 903 F.2d 883, 890 (2nd Cir. 1990); Solina v. United States, 709 F.2d 160 (2nd Cir. 1983); Harrison v. United States, 387 F.2d 203, 212 (D.C. Cir. 1967).

The *per se* nature of the prejudice is also evident because this Court could not have allowed any other person other than himself not licensed to practice law and in good standing to represent Defendant at trial. Such lay person is not a counsel under the Sixth Amendment.

The conduct of Mr. Hedderman failing to inform anyone, including MR. CARBAJAL-MORENO, of his fraud created the type of conflict of interest situation Defendant identified in his Motion at 9 and which went unaddressed by the United States in its Response.

Because Defendant did not receive a licensed attorney in good standing as required of the Sixth Amendment and he never waived his right to such counsel, "the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void ...." Johnson v. Zerbst, 304 U.S. at 468. For any and all of the foregoing reasons, this Court should grant Defendant's Motion and vacated Defendant's convictions and sentences.

## II. The 5-Prong Test for "interest of justice" for New Discovered Evidence Does Not Apply When Trial Defense Counsel Knowingly was Not a Licensed Attorney in Good Standing at Time of Trial and Fraudulently Acted as Defendant's Attorney.

The United States relied on United States v. Stevens, 978 F.2d at 569-70 to argue that Defendant cannot show that he satisfy the 5-prong test for newly discovered evidence that:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

Contrary to the Response at 8-10, Stevens itself states to the contrary.

The Tenth Circuit, in Stevens, 978 F.2d at 568, only reached this 5-point test after finding that defense counsel was disbarred without notice to counsel and consequently "attorney's representation is not per se ineffective." According to Stevens, 978 F.2d at 570, "In Strickland [v. Washington], the Supreme Court declined to equate the standard for Sixth Amendment ineffective assistance with the standard for a new trial under Rule 33 where the movant relies on newly discovered evidence, finding Rule 33 standard to be too strict. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. Having already found that Jenkins' bar status does not violate the lower Sixth Amendment standard, it cannot possibly meet the higher new trial standard under Rule 33."[3]

The Supreme Court in Strickland v. Washington, 466 U.S. at 694, found, "The high standard for newly discovered evidence claims presupposes that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is

---

[3]Similarly, the Tenth Circuit in United States v. Quintanilla, 193 F.3d 1139, 1149 n.10 (10th Cir. 1999) found, "Evaluation of a Brady [v. Maryland, 373 U.S. 83 (1963)] claim asserted in a motion for a new trial involves an application of the three elements identified above, and not the five-prong [United States v.] Sinclair[, 109 F.3d 1527 (10th Cir. 1997)] test utilized in typical newly discovered evidence claims."

challenged." Defendant's claim in his Motion "asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower. The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Id.

When the newly discovered evidence claim is based on trial defense counsel having knowingly committed a fraud on the court and all parties by not being licensed to practice law or a member in good standing of the California State Bar, the 5-prong Sinclair test to determine "interest of justice" does not apply. The Tenth Circuit in Stevens, relying on Strickland v. Washington, found that 5-prong test inapplicable to a newly discovered evidence claim based on the knowing failure of trial defense counsel to have been licensed or in good standing before trial.

Alternatively, the evidence that Mr. Hedderman was not licensed to practice law or was not a member in good standing before the Supreme Court of California Bar was discovered after trial. The failure to learn that evidence earlier was not caused by Defendant's own lack of diligence. The new evidence was not merely impeaching but goes to the fundamental reliability of the trial. The new evidence was material to the principal issue of whether Defendant received assistance of a counsel and a fair trial under the Sixth Amendment, and due process and equal protection of law under the Fifth Amendment. The new evidence was *per se* prejudicial.

The Response at 10-11 is also wrong that Defendant's claim he received *per se* ineffective assistance of counsel because Mr. Hedderman indisputably and knowingly was not licensed to practice law or was not a member in good standing before the trial began should be addressed in

11

a 28 U.S.C. § 2255 motion. Pursuant to U.S. v. Johnson, 12 F.3d at 1548, contrary to the United States' reliance on non-Tenth Circuit opinions in Smith and Ugalde, "where the facts relevant to ineffective assistance are *not* known to the defendant until after trial, they may be raised on a 'newly discovered evidence' motion under Rule 33." Consequently, this Court should address Defendant's claim within a Rule 33 motion under newly discovered evidence.

WHEREFORE, the Defendant, JUAN MANUEL CARBAJAL-MORENO, respectfully requests that this Court enter an order granting his motion for new trial. MR. CARBAJAL-MORENO also respectfully requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

*[signature]*

TODD HOTCHKISS
FRECHETTE & ASSOCIATES, P.C.
Attorney for JUAN CARBAJAL-MORENO
P.O. Box 26807
Albuquerque, New Mexico  87125
Tele. (505) 247-8558

**CERTIFICATE OF SERVICE**

I, Todd Hotchkiss, hereby certify that on June 29, 2004 I placed an endorsed copy of the foregoing Reply in the U.S. Mail, first-class postage affixed thereto, for mailing to opposing counsel of record, Mr. Gregory B. Wormuth, Assistant United States Attorney, 555 S. Telshor, Suite 300, Las Cruces, New Mexico  88011, the last known address.

*[signature]*

TODD HOTCHKISS