IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                                          Civ. No. 06-301 JC/RLP
                                          Cr. No. 99-777 JC

JUAN MANUEL CARBAJAL-MORENO

    Defendant/Movant.

## MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2255. The Court had previously found that the motion was time-barred, see Doc. 16. The Tenth Circuit Court of Appeals reversed that decision and has remanded the case for a review on the merits.

2.    Defendant and five co-defendants were charged with engaging in a Continuing Criminal Enterprise (CCE) in violation of 21 U.S.C. § 848(a) & (c) (Count 1 of the superseding indictment); conspiracy to possess with intent to distribution 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count 2); and six counts of possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a))(1) & (b)(1)(B) (Counts 3-8). The jury convicted Defendant of all eight counts.

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Second Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

3.      Defendant appealed and the Tenth Circuit held that double jeopardy barred his convictions for both CCE and the lesser included offense of conspiracy to possess marijuana with intent to distribute. *United States v. Carbajal-Moreno*, 87 Fed.Appx. 700, *702 (10th Cir. 2004) (unpublished decision). The court found the evidence sufficient to affirm the CCE conviction. *Id.*

4.      Defendant took a second appeal when he learned his trial counsel had surrendered his California Bar license prior to trial. *United States v. Carbajal-Moreno*, 136 Fed.Appx. 163, 164 (10th Cir. 2005) (unpublished opinion) ("*Carbajal* II"). The court held that such claims were more appropriately brought in a proceeding for collateral relief. *Id.*

5.      In his § 2255 Motion, Defendant alleges he was denied his Sixth Amendment right to constitutionally effective assistance of counsel. He further claims that counsel was ineffective for his failure to allow him to be prosecuted for both CCE and conspiracy. He contends that failure allowed numerous hearsay statements to be admitted into evidence that would not have been allowed at a trial solely on the CCE. Each contention will be addressed in turn.

6.      <u>Ineffective Assistance of Counsel</u>. In *United States v. Stevens*, 978 F.2d 565 (10th Cir. 1992), the court held that an attorney who had been disbarred seven days prior to trial was not *per se* ineffective under the Sixth Amendment. This seems to be the general rule among the circuits: if the lawyer was at one time licensed to practice law, then the fact the he or she has been disbarred or has lost his or her license, the representation is not *per se* constitutionally ineffective. *See Bond v. United States*, 1 F.3d 631, 637 n.8 (7th Cir. 1993) (collecting cases); *United States v. Watson*, 479 F.3d 607, 611 (8th Cir. 2007); *United States v. Ross*, 338 F.3d 1054, 1055 (9th Cir. 2003). Instead, to determine

whether counsel was constitutionally ineffective, the Court examines counsel's performance as stated in Strickland v. Washington, 466 U.S. 668 (1984). That is, to prevail on a claim of ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that but for the deficiency, the result of the proceeding would have been different. Id. at 694.

7.      Defendant alleges that counsel was ineffective for allowing the jury to try him on both the CCE and conspiracy charges, claiming this violated the Double Jeopardy clause of the Constitution. The Government notes that Defendant's counsel objected to removal of the jury instruction that told the jury it could not convict Defendant on both conspiracy and CCE. Answer (Doc. 11) at 3 n.2. The jury did convict Defendant on all counts and on appeal he prevailed in his argument that he could not be sentenced for both crimes. See ¶ 3, supra.

8.      As the Government points out, Double Jeopardy protects an individual for being convicted more than once for an offense or for suffering multiple punishments for the same offense. Since Defendant had one trial and did not suffer multiple punishments, there is no Double Jeopardy violation. United States v. Ziskin, 360 F.3d 934, 948-49 (9th Cir. 2003) (nothing prohibits a trial for both conspiracy and CCE; Double Jeopardy only operates to prevent cumulative punishment for the offenses).

9.      A subset of Defendant's argument for dismissal of the conspiracy charge is that multiple allegedly hearsay statements could not have been introduced in the CCE trial. This is an incorrect statement of the law. Federal Rule of Evidence 801(d)(2)(E) excepts from the definition of hearsay "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy," where the statement is offered against the party. The

party need not be charged with conspiracy. The rule applies where the evidence shows two or more individuals acting in concert despite the absence of a conspiracy charge. United States v. Durland, 575 F.2d 1306, 1308 (10th Cir. 1978). See United States v. Moon, 512 F.3d 359, 363 (7th Cir. 2008) (the rule depends upon principles of agency, not a conspiracy count).

10. Nevertheless, the Court notes that "'[u]nder Tenth Circuit law, a district court can only admit coconspirator statements if it holds a James[2] hearing or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v.Cortez, 252 Fed.Appx. 887, 895 n.4 (10th Cir. 2007) (quoting United States v. Townley, 472 F.3d 1267, 12773 (10th Cir. 2007)). The Government does not mention in its Response whether or not the Court held a James hearing to determine the admissibility of the statements at issue.

11. Ordinarily, trial evidentiary errors should be raised on direct appeal, but a "defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995) (citation omitted). "To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." Id. 45 F.3d at 392 (citing Strickland, 466 U.S. at 687 (1984)). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

---

[2] United States v. James, 590 F.2d 575, 592 (5th Cir. 1979), partially overruled by Bourjaily v. United States, 483 U.S. 171, 175-76 (1987).

12. Federal Rule of Evidence 801(c) defines "hearsay" as "a statement, other than one made by the declarant, while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Thus, if testimony is not offered for the truth of the matter asserted, it is not hearsay.

13. Also exempted from hearsay are statements offered against a party by a co-conspirator of a party during the course and in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E). Thus, "[c]o-conspirator statements may properly be admitted if the court finds that (1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Falls*, 90 Fed.Appx. 351, 2004 WL 407039, *4 (10th Cir. 2004) (unpublished opinion) (citing *United States v. Eads*, 191 F.3d 1206, 1210 (10th Cir. 1999)). To summarize:

> Statements by a conspirator are in furtherance of the conspiracy when they are intended to promote the conspiratorial objectives. Such promotion occurs through statements that explain events of importance to the conspiracy in order to facilitate its operation; statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy; and statements of a coconspirator identifying a fellow coconspirator. Of course, direct testimony of a conspirator describing his participation in the conspiracy and the actions of others is not hearsay.

*United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (internal quotation marks, brackets, ellipses, and citations omitted).

14. Governmental agents may testify as to statements made by co-conspirators to show their reasons for undertaking an investigation; these statements are not hearsay because they are not offered for "the truth of the matter asserted." *See United States v.*

*Rosario Fuentez*, 231 F.3d 700, 708 (10th Cir. 2000) (citing *United States v. Freeman*, 816 F.2d 558, 563 (10th Cir. 1987)).

15. Except for one statement, as the Government points out, all of the statements listed by Defendant fall under the foregoing exceptions or are not considered hearsay. Most of the statements were provided by agents testifying about their investigation of Defendant's and his colleagues' activities. Many of the statements came out again on direct examination of his colleagues. I agree with the government that the testimony concerning marijuana being transported in a helmet was hearsay, but I also agree that given the overwhelming evidence adduced at trial, the admission of this statement did not affect the outcome. See United States Answer [Doc. 11] at 28 to 49.

16. Defendant has failed to show both that counsel's performance was deficient and that but for counsel's errors, the result of the proceeding would have been different. See *Strickland*, ¶ 11, *supra*. As stated by the Tenth Circuit, the evidence at trial was sufficient to support Defendant's conviction for a continuing criminal enterprise. See *Carbajal*, 87 Fed.Appx. 700 (2004 WL 214450) (10th Cir. 2004) (unpublished decision).

## Recommended Disposition

I recommend that Defendant's Motion for Appointment of Counsel [Doc. 34] be denied, and I recommend that Defendant's Motion to Vacate, Set Aside, or Correction Sentence be denied and the case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge