# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       No. CIV-06-0301 JC/RLP
                                                                                CR-99-777 JC

JUAN MANUEL CARBAJAL-MORENO,

    Defendant.

## ORDER

This matter is before the Court on a letter from Defendant (CV Doc. 45) filed on May 3, 2010, concurrently with a notice of appeal (Doc. 46) from the judgment dismissing his motion under 28 U.S.C. § 2255. The letter was entered only on the civil docket. The Court construes the letter as a motion for extension of time to file notice of appeal or, alternatively, to reopen the time to file an appeal (hereinafter the "motion"). *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972) (per curiam) (requiring that pro se pleadings be liberally construed). In the motion, Defendant asks why he was not given notice of the order dismissing his § 2255 motion and requests a copy of his docket sheet. On consideration of Fed. R. App. P. 4 and the record in this matter, the Court will reopen the time to file an appeal.

The reason that Defendant was not notified of the judgment is obvious from the Court's electronic docket. On January 14, 2010, the Clerk entered the Court's judgment (CV Doc. 44; CR Doc. 513) dismissing Defendant's § 2255 motion. Previously, on February 15, 2008, the Court of Appeals for the Tenth Circuit had entered an order directing, in part, that counsel be appointed for Defendant in the appeal that was then pending. The Clerk of this Court entered the Tenth Circuit's

order on this Court's civil docket (Doc. 33) on February 20, 2008, and apparently modified the civil caption to indicate that Defendant was represented by counsel in this proceeding.  When the Tenth Circuit issued its mandate (CV Doc. 36; CR Doc. 504) reversing and remanding the matter, this Court's docket still indicated that Defendant was represented by counsel.  As a result, only Defendant's appellate counsel received notice of subsequent filings, including the order of dismissal, at least until the motion for extension was filed.  It appears that the Clerk corrected the civil docket as to Defendant's pro se status when the motion for extension and notice of appeal were filed.

Defendant's motion for extension of time, filed on May 3, 2010, must be denied as untimely.  The judgment dismissing the § 2255 motion was entered on January 14, 2010.  The time for filing an appeal in this § 2255 proceeding is 60 days, *see United States v. Sam*, 73 F. App'x 335, 337 (10th Cir. 2003), and a motion for extension of time must be filed "no later than 30 days after the time," Fed. R. App. P. 4(a)(5)(A)(i), for filing a notice of appeal.  Therefore, a motion for extension was due within 90 days after January 14, or approximately by April 15, 2010.  Construed as a motion for extension of time, Defendant's motion was filed approximately two weeks after the deadline and will be denied.

On the other hand, a motion to reopen the time for filing an appeal may be filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B).  The docket contains no indication that Defendant received notice under rule 77(d), and thus his motion, construed as a motion to reopen the time to appeal, was timely filed within 180 days after January 14, 2010.  The Court finds that Defendant did not receive notice of the judgment within 21 days after entry, *see* Fed. R. App. P. 4(a)(6)(B), and, particularly because Plaintiff has not responded to the motion, no party would be prejudiced by this requested reopening, *see* Fed. R. App.

P. 4(a)(6)(C).  The motion to reopen will be granted.  Defendant is not required to re-file his notice of appeal.

IT IS THEREFORE ORDERED that the Clerk is directed to mail a copy of the civil docket sheet to Defendant;

IT IS FURTHER ORDERED that Defendant's letter (CV Doc. 45), construed herein as a motion to reopen the time to file an appeal, is GRANTED; and the time for Defendant to file an appeal from the judgment entered on January 14, 2010, is REOPENED nunc pro tunc to and including May 3, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE