IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. CV 14-0437 MV/RHS
                                                                CR 99-0777 MV

JUAN MANUEL CARBAJAL-MORENO,

    Defendant.


MEMORANDUM OPINION AND ORDER OF DISMISSAL

       This matter comes before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 559) filed on May 12, 2014. This is Defendant's second § 2255 motion, and the Court will dismiss the motion for lack of jurisdiction.

       On December 3, 2001, this Court entered judgment (CR Doc. 335) on Defendant's conviction, and on February 5, 2004, the Court of Appeals for the Tenth Circuit vacated one count of conviction and remanded for resentencing (CR Doc. 429). On June 9, 2006, he filed a first § 2255 motion (CR Doc. 466), which included a claim of ineffective assistance of counsel ("IAC"). The Court ultimately denied the motion on the merits (CR Doc. 512). On September 14, 2010, the Tenth Circuit dismissed Defendant's appeal from the § 2255 proceeding (CR Doc. 525). Defendant invokes 28 U.S.C. § 2255(f)(4) as the basis for bringing a claim based on recently discovered facts.

       Because Defendant's first § 2255 motion was denied on the merits, the instant motion is a second or successive motion. *See United States v. Garcia-Rodriguez*, 516 F. App'x 704, 706

(10th Cir. 2013). Under § 2255(h), Defendant may not prosecute a second motion unless it has been "certified . . . by a panel of the appropriate court of appeals." An uncertified second or successive § 2255 motion filed in this Court must be transferred to the Court of Appeals for certification or dismissed for lack of jurisdiction.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The Tenth Circuit has noted several factors that a district court should consider in determining whether to transfer or dismiss an initial pleading. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *In re Cline*, 531 F.3d at 1252. These factors are whether (1) the § 2255 motion would be time-barred at this point, *see Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); (2) the movant's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4; and (3) the movant filed the motion in good faith, *see Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

Under the second *Trujillo* factor, the Court will dismiss Defendant's motion because his claims are not "likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16. Central to Defendant's motion is his contention that he was constructively denied counsel of his choice at his trial. He alleges that a recent investigation has revealed previously unknown facts underlying this claim. Defendant has been informed that the attorneys in his criminal case knew before trial that his lead defense counsel had been disbarred. Before Defendant received this information, he had believed that the other attorneys did not know until after the trial. He asserts that, if he had known of his

2

attorney's unlicensed status before trial, he would not have gone to trial with that attorney but would have retained other counsel.

"[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate." *Wheat v. United States,* 486 U.S. 153, 159 (1988), *quoted in United States v. Collins*, 920 F.2d 619, 625 (10th Cir. 1990).  The Court of Appeals for the Tenth Circuit has previously denied Defendant a Certificate of Appealability on the questions of his counsel's trial performance and prejudice, *see United States v. Carbajal-Moreno*, 395 F. App'x 505, 509-12 (10th Cir. 2010). As a result, his allegation that he would have chosen other counsel is not "likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16, as the basis for relief under § 2255 motion.  It is not enough to assert that he would have retained other counsel; he must make a showing of "a reasonable probability that, but for [denial of counsel of his choice], the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984), *quoted in United States v. Romero-Gallardo*, 113 F. App'x 351, 354 (10th Cir. 2004).  This showing has been precluded by the Tenth Circuit's ruling in Defendant's earlier appeal, and thus his claim is not "likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16.  Application of the *Cline/Trujillo* factors to Defendant's allegations clearly favors dismissal rather than transfer of his § 2255 motion.  The Court will dismiss the motion for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right.   The Court will therefore deny a certificate of appealability.

3

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 559) filed on May 12, 2014, is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE