IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   No. CV 14-0437 MV/KK
                                                                                   CR 99-0777 MV
JUAN MANUEL CARBAJAL-MORENO,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider (CV Doc. 7; CR Doc. 565) filed on October 27, 2014.[1] The motion invokes rule 59(e) of the Federal Rules of Civil Procedure (the "rule 59(e) motion"). Defendant asks the Court to reconsider its order (CV Doc. 5; CR Doc. 562) entered on October 7, 2014, that dismissed his second motion under 28 U.S.C. § 2255 for lack of jurisdiction. The Court will deny the motion.

In 2010, Defendant's first § 2255 motion was denied on the merits (CR Docs. 510, 512, 513, 525). The order of October 7, 2014, dismissed Defendant's second § 2255 motion for lack of jurisdiction as a second or successive petition. On page 2 of the rule 59(e) motion, Defendant notes that the claim in his second § 2255 motion had not been raised in the first motion, and he asserts that the "Court's order did not address this [claim]." A § 2255 motion that raises a new claim "is . . . treated as a successive § [2255 motion]." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (noting same analysis for pleadings under § 2254 and § 2255). The Court's ruling on the second § 2255 motion was thus governed by the rule stated in *Nelson*, namely, that "if

---

[1] The Court notes that Defendant subsequently filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (CR Doc. 570) on February 9, 2015. The Court then appointed counsel to represent Defendant in his "Crack Cocaine Retroactivity 2" proceeding (CR Doc. 568). He continues to appear pro se in this § 2255 proceeding.

the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148. Lacking jurisdiction, the Court had no authority to address Defendant's new claim.

Defendant's only assertion regarding the jurisdictional issue raised in the October order is that his claim was not previously raised, and "so it is <u>not</u> precluded from review." (Mot. 2.) This unsupported disagreement with the rule stated in *Nelson* does not present a "manifest error[] of law," *Santistevan v. Colorado School Of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005), and does not justify relief under rule 59(e). The Court will deny Defendant's rule 59(e) motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider (CV Doc. 7; CR Doc. 565) filed on October 27, 2014, is DENIED.

_____
UNITED STATES DISTRICT JUDGE